IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:15-cv-00492-D

| | |
|---|---|
| CAMPBELL ALLIANCE GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES HALL, JAMES McDERMOTT, | ) |
| PHILIP VORHIES and MARK KASAKEVICH, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON CONSENT MOTION FOR SCHEDULING ORDER

Upon consent motion by Plaintiff Campbell Alliance Group, Inc. and Defendants James Hall, James McDermott, Philip Vorhies, and Mark Kasakevich (collectively, the "Defendants") [D.E. 31 ], and for good cause shown, the Court hereby Orders as follows:

1. On November 5, 2015, Plaintiff filed its consent motion for leave to file its First Amended Complaint. No answer or other responsive pleading shall be required relating to the initial complaint filed herein [D.E. 1]. Defendants' answer to the first amended complaint shall be due in accordance with the Federal Rules.

2. Subject to the terms of this Order, the parties may conduct discovery on the issues presented by Plaintiff's Motion for Preliminary Injunction [D.E. 4], including any defenses to the motion that Defendants may raise.

3. This limited discovery shall run ninety (90) days from the entry of this Order. If the parties need additional time within which to complete discovery, the parties

may submit a request to the Court that shall be granted only in the Court's discretion and after good cause is shown.

4. The parties will serve any written discovery requests within seven (7) days of the entry of this Order. Plaintiff and Defendants will be limited to ten (10) document requests per side; ten (10) interrogatories per side; and ten (10) requests for admission per side. For purposes of this limitation, Plaintiff will serve its requests collectively on all Defendants, and Defendants will serve their requests collectively on Plaintiff.

5. The parties may pursue electronic discovery in accordance with a forensic review protocol agreed to by the parties or entered pursuant to this Court's order (the "Forensic Review Protocol").

6. The parties will provide written responses (including objections) and responsive documents within the latter of twenty-one (21) days of the date of the entry of this Order or twenty-one (21) days of the date of service of the written discovery. Defendants shall produce electronic discovery responses in accordance with time period set out in the applicable Forensic Review Protocol.

7. Aside from issuance of deposition notices, which may take place earlier, the parties may begin deposition discovery twenty-five (25) days from the entry of this Order. Depositions may be conducted only in accordance with the following parameters:

    a. The parties will provide notice of any deposition at least fourteen (14) days before it is scheduled to be taken. The parties may conduct depositions on shorter notice with the consent of all parties.

  b. Each deposition will be limited to five (5) hours. If a witness is again deposed in this matter after the preliminary injunction is heard and decided, the examining party may not, without reasonable cause, re-examine the witness concerning areas covered in the deposition taken before the preliminary injunction hearing.

  c. Defendants will depose Plaintiff at a location in the Eastern District of North Carolina designated by Plaintiff's counsel. The depositions of each of the other parties and other witnesses shall take place, at the deponent's choosing, in either: (i) their state and county of residence, (ii) the state of their principal place of business, or (iii) at the offices of counsel for any of the parties. Counsel for the deponent shall notify all counsel of record where the deposition will take place within three (3) days after the deposition has been scheduled.

8. The parties may begin third-party discovery immediately upon entry of this Order. At the conclusion of the discovery period, the parties will brief Plaintiff's Motion for Preliminary Injunction [D.E. 4], on the following schedule:

  a. Plaintiff may supplement its existing briefing with a brief not to exceed twenty (20) pages (not including whatever record materials Plaintiff chooses to submit) within ten (10) days after completion of discovery;

3

b.  Defendants may respond to Plaintiff's Motion for Preliminary Injunction and any supplemental briefing with a brief not to exceed thirty (30) pages (not including whatever record materials Defendants choose to submit) within thirty (30) days after the completion of discovery or the service of any supplemental brief filed by Plaintiff, whichever is later.

9. Plaintiff's Motion for Expedited Discovery is deemed withdrawn without prejudice.

10. The discovery provided for in this Order is allowed without prejudice to any party's ability to seek additional discovery during a general discovery period after the Court's ruling on the Motion for Preliminary Injunction [D.E. 4], and after a Rule 26(f) conference occurs in the ordinary course, assuming this litigation remains pending at that time.

11. Because this Order sets a schedule for Defendants' answer or other response to the Complaint (which is anticipated will be amended) [D.E. 1] and for briefing on the Motion for Preliminary Injunction [D.E. 4], all previously set deadlines for these matters are deemed superseded by this Order and are no longer in effect.

12. To the extent not addressed herein, all discovery matters shall be governed by the Federal Rules of Civil Procedure and any applicable Local Rules.

SO ORDERED. This 6 day of November 2015.

JAMES C. DEVER, III
Chief United States District Judge

4

# EXHIBIT 1

## STIPULATION REGARDING PROTOCOL
## FOR FORENSIC INVESTIGATION AND ANALYSIS

Pursuant to agreement of Plaintiff Campbell Alliance Group, Inc. ("Campbell"), on the one hand, and James Hall, James McDermott, Philip Vorhies and Mark Kasakevich (collectively, "Defendants"), on the other, and as provided for by Federal Rules of Civil Procedure Rule 26(b)(1) and (c)(1), the following Stipulation Regarding Protocol for Forensic Investigation shall govern the handling of all forensic investigation, imaging and analysis in *Campbell Alliance Group, Inc. v. Hall, et al.*, Case No. 5:15-cv-492-D, which is currently pending in the United States District Court for the Eastern District of North Carolina, Western Division:

1. Campbell and Defendants (the "Parties") jointly agree to this forensic inspection protocol (the "Protocol"), which sets forth the full agreement between Campbell and Defendants for the forensic imaging, search, and inspection of designated electronic devices and virtual repositories used by Defendants and potentially containing Campbell's confidential and/ or proprietary information in the possession, custody, or control of Defendants.

2. This Protocol governs the discovery of hard drives of any computer(s) and other devices capable of storing electronic information, including but not limited to any external hard drives, USB drives, CDs, along with necessary passwords, that were used by Defendants in the course of their business within the nine (9) months preceding any Order allowing expedited discovery in this matter ("Electronic Media"). Within ten (10) days of the entry of an Order allowing expedited discovery in this matter, Defendants will turn over to Campbell's designated computer forensics expert, Protek International ("Protek"), forensic images of the Cello-owned computers used by Defendants along with the other Electronic Media of Defendants Hall and McDermott that Defendants have imaged as of October 30, 2015 and the two USB-drives identified by Defendants' counsel on November 2, 2015. Campbell will reimburse Defendants

1

for half of the costs of creating images of Electronic Media imaged by Defendants upon Defendants providing evidence of the same. Defendants will provide Campbell's counsel 48-hours' advance notice of when the items will be shipped so Protek can arrange for the necessary staffing to expeditiously image the devices. As necessary if other Electronic Media devices are identified during discovery, Defendants shall turn over to Protek for imaging all other Electronic Media for Defendants Hall and McDermott including those Defendants' remaining personal computers, external hard drives, USB drives, CDs, smartphones and electronic devices, and such images shall be created within 48 hours of Protek receiving the Electronic Media. Alternatively, if those Defendants so choose, Protek (or someone associated with Protek) will come to those Defendants' homes to conduct onsite the imaging outlined above. Once imaging is completed, all Electronic Media provided to Protek shall be returned to Defendants. Regarding Defendants Vorhies and Kasakevich, the parties have been unable to reach agreement regarding discovery of their Electronic Media and such discovery shall be handled according the Federal Rules of Civil Procedure and any applicable Local Rules. In the event such Electronic Media is deemed discoverable in this litigation, it shall be handled in accordance with the protocol outlined in this paragraph for Defendants Hall and McDermott's Electronic Media.

3. Before any search or other analysis is conducted, an agent or representative of Protek will sign an affidavit in compliance with the Protective Order in this matter. To that end, all information received or located by Protek shall be treated as confidential, unless otherwise designated, and shall not be disclosed to anyone except in compliance with this Protocol and the Protective Order in this matter.

4. Before beginning any work on the devices, Protek will utilize write blocking tools on the devices in order to protect the integrity of the existing data.

5. Defendants will provide appropriate evidence confirming the authenticity of the forensic image of each Cello-owned drive for which Defendants' have prepared an image. In this regard Defendants' may verify the forensic images by comparing the MD5 hash values of the device and the forensic images. For those images created by Protek, upon completion of the imaging, Protek will verify the forensic images by comparing the MD5 hash values of the devices and the forensic images.

6. Protek will then conduct a search of the images produced to it by Defendants, using search criteria defined by Campbell's counsel. Any search will be formulated to identify and collect relevant data responsive to Campbell's discovery requests. Campbell has absolutely no interest in Defendants' personal or irrelevant data.

7. Protek will also conduct a forensic investigation of each image to review activity involving data downloads, data deletions, data obfuscation, and data transfers during the time frame of January 1, 2015 to the present

8. For any of the searches herein that identifies responsive information, that data will be isolated and copied onto new media. Proteck will not, however, review the substance of that data. Before Campbell's counsel is provided with the data on the new media, defense counsel will have a period of five (5) business days to review the data for discoverability pursuant to F.R.C.P. 26(b)(1), privilege and/or confidentiality designations (pursuant to the Protective Order in this matter), and prepare an appropriate privilege log. In the event defense counsel needs additional time within which to conduct this review, the parties agree to work together in good faith, their intention being to provide defense counsel a period of time that is reasonable under the circumstances. Protek will copy only the information that is identified by defense counsel,

including data designated as confidential data but excluding the data designated as privileged or not discoverable onto new media and deliver it to Campbell's counsel.

10. Upon Campbell's review of non-privileged data, and Campbell's identification of proprietary, confidential, or trade secret data on any image tendered to Protek by Defendants or created by Protek, counsel for Campbell shall provide to Defendants' counsel a list of such files that Campbell believes require permanent deletion from the original devices tendered by Defendants (the "File Deletion List"). Defendants' counsel shall have five (5) days from the receipt of the File Deletion List to provide written objections to Campbell's File Deletion List. Counsel for both parties will attempt in good faith to resolve any objections raised by Defendants' counsel. If, after five (5) days, counsel for the parties are unable to resolve their differences with respect to the objections, counsel for the parties shall seek court intervention to decide the disputed issues.

11. Counsel for Campbell shall provide Protek with the list of files from the File Deletion List for which there is no dispute or for which the Court has ruled in favor of Campbell regarding the deletion. Protek shall take steps to permanently and irretrievably delete such data, and shall provide a written confirmation of completion of the deletion efforts to counsel for both parties.

12. Counsel for the parties will resolve the handling of the data identified on the privilege log, involving the Court if necessary.

Stipulated and Agreed this 6th day of November, 2015.

| CAMPBELL ALLIANCE GROUP, INC. | JAMES HALL, JAMES McDERMOTT, PHILIP VORHIES, and MARK KASAKEVICH |
|---|---|
| /s/ David S. Becker | /s/ Thomas H. Segars |

4

Daniel Lanciloti
David Becker
Freeborn & Peters, LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60603
*Attorneys for Plaintiff*

Sean McDevitt
Susan Lessack
Pepper Hamilton LLP
400 Berwyn Park
Berwyn, PA 19312

Thomas Hamilton Segars
Ellis & Winters
P.O. Box 33550
Raleigh, NC 27636
*Attorneys for Defendants*